UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARK L. RUSCH,

                 Plaintiff,

-against-

P.O. FED OFFICE; MR. TORRES; and
P.O. TALLATINNIO,

                 Defendants.
-----------------------------------------------------------------X

**NOT FOR PUBLICATION**
**MEMORANDUM**
**& ORDER**

11-CV-0091 (CBA)

AMON, United States District Judge:

    Mark L. Rusch, pro se, who is currently incarcerated (because of a parole violation) at the Mohawk Correctional Facility, has filed the above-captioned Civil Rights Complaint. The plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is granted solely for the purpose of this order, and the plaintiff is directed to file an amended complaint as set forth below.

## BACKGROUND

### A. Pending Habeas Petition

    On November 24, 2010, in a different action, the plaintiff filed what the Court construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. See Rusch v. State of New York, Docket No. 10-CV-5561 (CBA). The Court determined that the plaintiff was seeking release from incarceration on the ground that he was being held past his maximum expiration date. By Order dated December 17 the Court directed the Attorney General of the State of New York to file a response within 30 days. The Attorney General filed a response, which explained that the plaintiff is being held beyond his expiration date because he is "very ill and is currently receiving medical treatment." Apparently the plaintiff is suffering with non-Hodgkin's

lymphoma and other ailments.

The Attorney General further explained that Mohawk is attempting to place the plaintiff in "a nursing facility, but efforts thus far to place him have been unsuccessful because the requested facilities have refused to accept him, particularly in light of his status as a sex offender." Moreover, the Attorney General stated that releasing the plaintiff without appropriate placement "would be detrimental to his health" and that the plaintiff "remains in the prison for the sole purpose of continuing his medical treatment, which is being provided at the state's expense." The Attorney General requested an extension of time to respond to the habeas petition, which the Court granted.

On January 25, 2011, the Attorney General again wrote the Court requesting an extension. The Attorney General stated that, according to the plaintiff's papers, the plaintiff does not want to be released unconditionally from prison; he wants the state to place him in a treatment facility. And Mohawk is close to finding a placement. It has "identified a facility that might be willing to accept [the plaintiff] and continue providing him with medical treatment. However, it may take a few weeks to determine if he will be approved and, if so, to secure his transfer." The Court granted the extension.

**B. The Civil Rights Action**

The complaint involved in this action consists of hand-written entries on a form civil rights complaint. The Court is unable to determine the precise nature of the plaintiff's action, as the handwriting is mostly illegible. The claim appears to involve the plaintiff's prior parole violation, which the plaintiff appears to attribute to the alleged malfeasance of one or more parole officers. There may have been an altercation at the time that the plaintiff was violated,

and a parole officer may have used excessive force against the plaintiff. The Court is unable to determine from the narrative many significant details.

The plaintiff has, however, attached to his complaint the transcript of a Suffolk County parole hearing conducted on December 6, 2005 before administrative law judge Alex Rivkin (Dec. 6, 2005 Tr.; ECF Doc. 1-1 and Doc. 1-2), and it appears that the plaintiff's complaint is based upon the incidents described at the parole hearing.

At the hearing, one of the witnesses, defendant Parole Officer Pedro Torres, testified to supervising the plaintiff upon his mandatory release from incarceration on July 5, 2005 and for the next day or two before the plaintiff was detained for violating his parole, apparently for denying that he had a history of drug use in an interview with a parole officer. (Dec. 6, 2005 Tr. at 29-30.) The plaintiff's counsel at the proceeding, Robert A. Macedonio, cross-examined Torres about this supervision and implied that certain parole officers were planning to violate the plaintiff, no matter his actions, because they considered him a continuing danger to the community and wanted him re-incarcerated. (Id. at 38-40.) Torres acknowledged that the plaintiff was subject to mandatory release and that he is "the classic example of who we do not want on the street." (Id. at 38-39.) He further testified that the parole division tried to set up housing and other programs for the plaintiff, but that the plaintiff failed to comply with programs, admit to past drug use, or otherwise cooperate with the division. (Id. at 35-37, 40-43.)

The plaintiff testified that when he first arrived at the parole office upon his release from prison on July 5, the head parole officer stated: "We do not like you. We do not like what you have done, and we will not hesitate to violate you and send you back immediately." (Id. at 45.) The plaintiff further testified that when he visited the parole office in Farmingdale the next day,

3

defendant Torres pulled out a baton and started beating it against a desk and then pushed the plaintiff against the wall and told him that he was violated. (Id. at 46.) Plaintiff acknowledged that the officers had asked him about his past drug use and that he had denied using drugs in the past. (Id. at 47, 50-51.)

The plaintiff also has attached to the complaint the administrative law judge's recommendation to the Board of Parole, which was that the plaintiff be held until the maximum expiration of his sentence. (Form 3008-FC-2; ECF Doc. 1-2, pp. 29-30.) The report found that the plaintiff had violated conditions of his parole by failing to answer truthfully the questions about his past drug use. (ECF Doc. 1-2, p. 29.)

In an attached letter addressed to the undersigned and dated December 29, 2010, the plaintiff alleges that defendant Parole Officer Tallatino stated that he did not like him and planned to violate him as soon as possible so that he would not be a threat to anyone. (Letter dated Dec. 29, 2010; ECF Doc. 1-3.)

The Complaint does not make any demand for relief.

## STANDARD OF REVIEW

Title 28 of the United States Code, § 1915A requires this Court to review the complaint in a civil action in which a prisoner seeks redress from a governmental entity or from officers or employees thereof, and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b); see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).

The Court is mindful that "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

However, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, – U.S. – , 129 S.Ct. 1937, 1953 (2009)(quotation and citation omitted). Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to provide "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). Id., 129 S.Ct. at 1949 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). "[A] plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted).

## STATUTE OF LIMITATIONS

The plaintiff's complaint appears to be untimely. Although the plaintiff does not state the jurisdictional basis of his complaint or allege any particular constitutional violation, he utilizes a form for civil rights actions filed pursuant to 42 U.S.C. § 1983. Liberally construing the complaint, the Court assumes that the plaintiff means to secure damages from the individual defendants named in the complaint, and not merely to secure release from Mohawk (that is the

5

point of the habeas petition he earlier filed).

Claims like the plaintiff's claim for excessive use of force, or some other violation of his constitutional rights, must be brought within the statute of limitations applicable to actions brought pursuant to section 1983. In New York State, that statute of limitations is three years. Owens v. Okure, 488 U.S. 235, 249-51 (1989) (the most appropriate statute of limitations in a section 1983 action is found in the "general or residual [state] statute [of limitations] for personal injury actions"); Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002) (the statute of limitations for section 1983 actions in New York State is three years, citing N.Y. C.P.L.R. § 214(5) (McKinney's)). Generally, a section 1983 claim accrues "when the plaintiff knows or has reason to know of the harm" he or she has suffered. Connolly v. McCall, 254 F.3d 36, 41 (2d Cir. 2001) (quoting Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir. 1994)).

Insofar as the claims in the complaint relate to acts that occurred on July 5 and 6, 2005, the claims are barred by the three-year statute of limitations. The statute of limitations may be equitably tolled in certain exceptional circumstances, but the plaintiff has not provided the Court with information sufficient to allow the Court to make a determination about equitable tolling.

**LEAVE TO AMEND**

In light of the plaintiff's pro se status, the plaintiff is given 30 days leave to file an amended complaint. Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000). The plaintiff is directed that the amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure, in that it must clearly state the grounds for relief and include legible factual allegations. He must clearly identify those individuals who were personally responsible for the alleged violations of his constitutional rights and describe the roles that they played.

Moreover, the plaintiff is directed to show cause why his claims should not be dismissed as time barred by the statute of limitations. See Abbas v. Dixon, 480 F.3d 636, 639-40 (2d Cir. 2007) (district court should not dismiss a pro se prisoner's complaint on the basis of an anticipated statute-of-limitations defense without first granting notice and an opportunity to be heard). Should he have any basis for equitably tolling the statute of limitations, the plaintiff must provide the Court with this information.

The amended complaint must be captioned as an "Amended Complaint," name all individual defendants in the caption, and bear the same docket number as this Order. No summonses shall issue at this time and all further proceedings shall be stayed for 30 days. If the plaintiff fails to amend the complaint within 30 days as directed by this order, the Court shall dismiss this complaint pursuant to 28 U.S.C. § 1915A.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

_____/s/_____
CAROL BAGLEY AMON
United States District Judge

Dated: Brooklyn, New York
February 4, 2011